# Case No. 8,932.

## In re McVEY.

[2 N. B. R. 257 (Quarto, 85); 1 Chi. Leg. News, 103.] [1]

District Court, N. D. Mississippi. 1868.

BANKRUPTCY — OPPOSITION TO DISCHARGE — SECURED CREDITOR—PROPER TIME— ACCORDING TO RULE.

A creditor as assignee of a note of the bankrupt secured by a deed of trust on land, cannot come in and oppose discharge of the bankrupt unless he shall have entered his opposition and filed his specifications within the proper time and according to rule.

[Cited in Re Frizelle, Case No. 5,132; In re Boynton, 10 Fed. 279.]

[In the matter of a creditor of W. C. McVey, in his opposition to the bankrupt's discharge.]

HILL, District Judge. The question now presented to the court in this cause arises upon the following facts referred to the court upon the application of W. H. Miller, a credit-

1 [Reprinted from 2 N. B. R. 257 (Quarto, 85), by permission. 1 Chi. Leg. News, 103, contains only a partial report.]

or of said bankrupt, by his attorneys, Orr & Matthews, and said bankrupt, by his attorney, Fred. Bell. Said Miller, as assignee of said Dean, has proved a debt due by note payable in gold for a balance of three hundred and twenty-four dollars and seventy-nine cents, on the 12th March, 1868, the time when said debt was proved. That a deed of trust was executed by said bankrupt on the 15th November, 1866, conveying a tract of land, situated in Oktibbeha county, to James Kennedy, as trustee, to secure said note, which trust deed was filed in the clerk's office of the probate court of said county, on the 24th day of August, 1867. That said bankrupt filed his petition, praying to be declared a bankrupt on the —— day of ——, 186 , and was so declared on the —— day of ——, 186 , and afterwards, within the proper time, filed his petition praying for a discharge from his debts; that due notice was given to the creditors, and especially to said W. H. Miller, to appear before the Hon. J. W. Field, register, at his office in Columbus, on the 3d day of August, 1868, to show cause, if any, why said discharge should not be granted. That some months since said Orr & Matthews requested the register to enter their names as attorneys for said Miller. to oppose such discharge when application should be made. That on the 28th of August, 1868. said attorneys, as such counsel, filed in writing with said register, objections to said discharge, specifying the following reasons: (1) That said bankrupt had executed said deed in trust, and had not reported the same in his schedule, as required by law, and his oath in such cases made and provided. (2) That said bankrupt had not reported said debt in his schedule as secured by said trust deed, as required by law. To their specifications and objections said bankrupt filed his answer by way of demurrer, and assigned as causes: (1) That said Miller had not entered his opposition at the time required by the rules adopted in such cases. (2) That said specifications were not filed within the time required by the rules of this court in such cases. (3) That the specifications do not show a sufficient reason why said discharge should not be granted.

I will consider the questions in the order presented. First. Was the opposition entered at the time and in the manner required? By reference to general rules adopted by the justices of the supreme court, and which are part of the law, it will be seen that Rule XXIV. provides "that a creditor opposing the application of a bankrupt for discharge, shall enter his appearance in opposition thereto on the day when the creditors are required to show cause, and shall file his specifications of the grounds of opposition, in writing, within ten days thereafter, unless the time shall be enlarged by order of the district court in the case, and the court shall thereon make an order as to the entry of said cause for trial on the docket of the district

court and the time within which the same shall be heard and determined." By this I understand that the opposing creditor must, on the day fixed to show cause, appear before the register, by himself or counsel, and enter his opposition, which should either be in writing or verbally, but an entry of such opposition should be entered by the register on his docket, which suspends further proceedings, until the filing of the specifications, and if not filed within ten days the cause progresses as though no opposition had been made, unless, for sufficient cause shown to the judge, the time is extended. Whether the opposition was made and entered on the 3d day of August does not appear from the proceedings before me; the mere request made to the register months before, is not a compliance with the rule, and could not be made, at least until after the petition for discharge was filed, and not after the day fixed to show cause, without leave of the court. The proof that the opposition was made at the proper time being on the opposing creditor, and not being produced, the first cause of demurrer is well taken and is sustained.

The next question is, were the specifications filed within proper time? This question is already answered. More than ten days having elapsed from the 3d to the 28th day of August, the time fixed to show cause, of which Miller had notice, and the time the specifications were filed, and no extension of time having been asked for or granted, this cause of demurrer is well taken and is sustained.

The remaining question is, had the proceedings all been taken in proper time, are the specified reasons why the discharge should not be granted sufficient? Upon a careful examination of the causes specified in the bankrupt act of 1867 [14 Stat. 517], why a discharge shall not be granted, or if granted, vacated, I find that it must be some act omitted which was required to be done, or some act done which was forbidden on the part of the bankrupt, and must have been in fraud of the law. Mere oversight or mistake is not sufficient; these are infirmities to which all are liable, and for the correction of which ample remedy is afforded to all parties interested. The specifications in general terms charge that he did not state that the debt was secured by the trust deed, or that the land was covered by it, as the law and the bankrupt's oath required, but does not state in what particular, and does not state that this omission was intentional and fraudulent. Miller was notified and proved his debt—the proof of debt was made March 12th, 1868. He could have examined the schedules and applied for their correction, could have had his lien enforced, if valid, either by the trustee or assignee; if his lien is valid, and the land has not been sold, can now have it done, or if sold can have the proceeds applied to the payment of his claim, so that the omission cannot prejudice his rights, especially as

the land is stated to be of sufficient value to pay the claim. If the lien is valid and the sale was made without giving notice to Miller or the trustee, it is invalid, or does not affect his interests, if sold subject to the lien. For the reason stated I am of opinion the third cause of demurrer is well taken and is sustained, reserving, however, to the creditor the right to apply to the court for any other proceedings to which he may be entitled. This being the first question in opposition to a discharge which has been considered by me, I have stated the case more fully and given my reasons more at length than I would otherwise have done, as it will, unless I should be convinced I am in error, be regarded as the rule of practice in similar cases. The clerk will certify the same to Register Field, and the cause will progress as though the opposition had not been tendered.